UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

    UNITED STATES                    )
                                     )
                v.                   )    Crim. No. 90-10017-PBS
                                     )
    BRYANT VASQUEZ                   )
                                     )

                                ORDER

Saris, C.J.

    Before the Court is Bryant Vasquez's motion (#150) to seal his criminal record. For the reasons stated below, the motion is DENIED.

    In 1990, Vasquez pled guilty to drug charges under 21 U.S.C. §§ 841(a)(1) and 846. See Judgment (#125), July 11, 1990. Vasquez now asks the Court seal his criminal record because he has been a "model citizen [and] a productive member of society for more than eighteen years." He represents that has married, has two small children, owns a home, and owns a home. Vasquez says that he has "changed forever and for the better" and that he has learned from his mistakes.

    Based on Vasquez's representations, the Court congratulates him on his many accomplishments since his conviction. The Court has no reason to doubt the sincerity of his representations and hopes that he will continue to make laudable decisions and serve as an example to others.

    However, the Court is without jurisdiction to entertain this motion and therefore must deny Vasquez's request for relief.

grant his motion to seal his criminal record and therefore must deny the motion.

Vasquez does not invoke, nor can the Court identify, a statute which gives this Court power to seal or expunge a criminal record.  Congress has specifically given federal courts the jurisdiction to seal or expunge records, or grant related remedies, in narrow circumstances.  See United States v. Coloian, 480 F.3d 47, 49 n.4 (2007) (citing 5 U.S.C. §§ 552a(d), (g)(1)(C) (amendment of public records that are inaccurate); 10 U.S.C. § 1565(e) (expungement of DNA records when military conviction is overturned); 18 U.S.C. § 3607(c) (expungement of criminal records for certain convictions under 21 U.S.C. § 844); 21 U.S.C. § 844a(j) (expungement of civil penalty records in certain drug possession cases); 42 U.S.C. § 14132(d) (expungement of DNA records held by the FBI in certain cases where conviction is overturned)).

In addition, federal courts have ancillary jurisdiction to expunge a criminal record to correct an injustice caused by an illegal or invalid criminal proceeding.  See id. at 49 n.4.  This power is part of a federal court's ancillary jurisdiction to "manage its proceedings, vindicate its authority, and effectuate its decrees."  Id. at 50 (quoting Kokkonen v. Guardian Life Ins. Co. of Amer., 511 U.S. 375, 380 (1994)).

However, under First Circuit precedent, this Court lacks

jurisdiction to seal or expunge a criminal record solely on equitable grounds.  See id. at 52.  "Equitable grounds" refer to "grounds that rely only on notions of fairness that are entirely divorced from legal considerations."  Id. at 51 n.6.  In Coloian, for example, the First Circuit found that a criminal defendant who had been acquitted and sought expungement of his record for employment reasons sought relief solely on equitable grounds.  Id. at 52.  Because the records of his criminal prosecution "accurately document[ed] his arrest, trial and acquittal," the motion to expunge did not fall within the scope of the court's ancillary jurisdiction.  Id.

    Here, Vasquez's request is based upon equitable considerations--his apparently successful course correction.  He does not suggest that his record must be sealed to correct an earlier invalid proceeding or to for the Court to otherwise manage its proceedings.  The Court is therefore without jurisdiction to entertain the motion.

    Accordingly, the motion (#150) to seal is DENIED.

SO ORDERED.

 6/13/13                             /s/ Patti B. Saris                
Date                                Chief, U.S. District Judge